IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

2006 JAN 23 A 9: 57

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

CORY EFFENTIS EDWARDS,

    Plaintiff,

vs.

TALLAPOOSA COUNTY JAIL, ET AL.,

    Defendants.

]
]
]
]
]
]

Civil Action No. 3:05-CV-1225-WHA
[WO]

## OBJECTION

COMES NOW the Plaintiff, Cory Effentis Edwards, by and through himself in the above-styled cause pursuant the 'recommendation of the magistrate judge' order issued on January 6, 2006, and in support state the following:

1. The Plaintiff agrees with the facts made in said recommendation where the facts are as follows:

    a) Plaintiff was incarcerated at the Tallapoosa County Jail awaiting transfer to a State penitentiary, and that he was a prisoner of the State of Alabama.

    b) Lieutenant Robin Frazier is a third shift supervisor employed by the Tallapoosa County Sheriff Department as a "jailer" at said county jail whom has the responsibility of a supervisor. [1]

---

[1] The Plaintiff is unaware exactly of the duties required Lieutenant Frazier. The Plaintiff has yet to be given the opportunity to request discovery to secure any and all "standard of operating procedures" and "standard of operating procedure." Also, the standard manual of duties and responsibilities.

c) Officer Jennifer Strong is a third shift jailer employed by the Tallapoosa County Sheriff Department that has certain duties and responsibilities. [2]

d) Officer J. Strong did purposely spray Plaintiff along other prisoners chemical spray that caused severe irritation of the eyes, impede breathing, and burning of the skin. Immediately after Officer J. Strong sprayed the chemicals, she slammed the cell door to the "holding cell" and this close confinement and lack of air circulation caused great difficulty to breathe for approximately one (1) hour until released from said place. The Plaintiff along with three (3) other prisoners pleaded and begged the personnels to be released from the holding cell and complained about the inability to breathe, eyes and skin burning; and remained the same until relased an hour later. The Plaintiff and three (3) prisoners were required to clean-up a large amount of mucus from the holding cell floor that flowed from everyone's nostrils caused by the chemical spray. The Plaintiff and said prisoners endured great unnecessary suffering inflicted and imposed by Officer J. Strong. Officer J. Strong's conduct is shown to be motivated by evil motive or intent, and thus, involves reckless or callous indifference to the federally protected rights of the Plaintiff and other prisoners. Also, Lt. R. Frazier conduct showed a manifest indifference and complete disregard to the willful, wanton, and reckless acts of her subordinate Officer J. Strong, thus, Lt. R. Frazier omission to act when she has a legal duty to intervene and protest Officer J. Strong's action supports the same, and entails a deliberate indifference.

---

[2]  The Plaintiff is unaware exactly of the duties required by Officer J. Strong as well as unaware of the standard of procedure that permits the use of chemical spray. The Plaintiff has yet to be given the opportunity to request discovery to secure any and all "standard of operating procedure" and "standard of conduct."

e) Officer J. Strong's act to use the chemical spray was unprovoked, and the mere fact that she may have been called "fat" does not justify the use and application of the chemical spray upon the Plaintiff whom did not used said description.

f) Lt. R. Frazier and Officer J. Strong actions constitute a violation of Plaintiff's constitutional right pursuant to the Eight Amendment to the United States that prohibits cruel and unusual punishment.

2.    The Plaintiff avers the facts made in this instant case shows a conflict upon the standards held by the United States Supreme Court. In Hudson v. McMillian, 503 US at 503 US 6 (1992), the United States Supreme Court stated that "the question whether the measure taken inflicted unnecessary and wanton pain and suffering ultimately turns on 'whether force was applied in a good faith effort to maintain or store discipline or maliciously and sadistically for the very purpose of causing harm.'"

In the case at bar, sub judice, there is no evidence to support that Plaintiff acted in a manner that warranted to be sprayed with a chemical solution and suffer its affects (eyes and skin burning and impede to breathe) in a enclosed environment with limited air ventilation for approximately an hour. It's true that Plaintiff did not encounter a physical beating from said officers as in the case of Hudson v. McMillian, supra. However, the fact remains that Plaintiff was assaulted by the chemical agent and suffered the same for an hour. Furthermore, the Plaintiff shall not attempt to surmise that employees of the Tallapoosa County Sheriff Department apply chemical agents upon citizens because someone called them out of their name or character. Surely, this is not the case or truth unless the employee(s) act outside of their standard of conduct and procedure, therefore, in direct conflict with the very oath that was administered upon entering office [Article XVI §279 Alabama Constitution of 1901] to support both state and federal constitutions.

3.

In Felix v. McCarthy, 939 F.2d 699 (9th Cir. 1991), where Scott Emerson Felix was a state prisoner that was physically attacked without provocation; and the said court concluded that Felix has made a sufficient showing that the prison guards violated clearly established constitutional rights of which a reasonable officer would have known. However, the facts in Felix, supra, are not analogous, but are the same in nature.

3.    The Plaintiff avers that the difference between punching a prisoner in the face or serving him unappetizing food or spraying a prisoner without provocation is to ignore the "concepts of dignity, civilized standards, humanity, and decency" that animate the Eighth Amendment." Surely, this Court and this society considers the risk complained of does condone nor accept the same where it violates contemporary standards of decency to expose anyone unwilling to such a risk of barbaric treatment.

4.    The Plaintiff asserts that his complaint should not be dismissed as being "moot." Yes, Plaintiff is no longer incarcerated in the Tallapoosa County Jail which should not be a reason to dismiss the above case nor deny Plaintiff the right to exercise his First and Fourteenth Amendments to the United States Constitution upon the right to redress a grievance, the right to substantive due process and equal protection from arbitrary actions of the government. "The touchstone of due process is protection of the individual against arbitrary action of government." Wolff v. McDonnell, 418 US 539 (1974).

The Plaintiff assert that in Bonner v. City of Prichard, Ala., 661 F.2d 1206, 1213 (1981), that the magistrate in Bonner's case was correct that Bonner was no longer in the Prichard jail and was, therefore, not subject to repetitions of the wrongs he alleges. This was **not sufficient basis to deny judicial inquiry** into the incidents that he asserts took place.

4.

Furthermore, this Court must acknowledge that Plaintiff's claims are not moot nor futile. Because the purported incident did take place as alleged in the initial complaint, and upon its face is actionable under 42 USCS §1983 where his injury was inflicted by individuals acting under the color of law. The United States Supreme Courts has held that "[m]isuse of power, possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law, is action taken 'under color of' state law." U.S. v. Classic, 313 U.S. 299, 326 (1941); see also Paratt v. Taylor, 451 U.S. 527, 535 (1981). The Defendants are invested with authority under Article XVI Section 279 of the Alabama Constitution of 1901, thus, possess authority under color of state law.

5.    The Plaintiff avers that his initial complaint was purely made on the basis of redress of grievance that was completely ignored by the officials employed at the Tallapoosa County Jail, and received no response whatsoever. The Plaintiff's initial complaint was made and submitted with limited knowledge of the law and lack of assistance from a trained person of the law. The United States Supreme Court holds allegations of a pro se complaint to less stringent standards than formal pleadings drafted by lawyers. Haines v. Kerner, 404 US 519 (1972); Brown v. Crawford, 906 F.2d 667 (11th Cir. 1990).

The Plaintiff respectfully inquire upon this Court that the alleged facts should be ignored and completely disregarded without accountability because he is no longer incarcerated at the Tallapoosa County Jail? If so, judicial inquiry, assistance and protection serves no purpose. However, Plaintiff pray that this Court shall not abandon his claims nor ignore the same.

6.    The Plaintiff rely upon <u>Bonner</u>, supra at 1213 wherein that Court stated that because Bonner was no longer incarcerated at the Prichard jail, was not sufficient basis to deny judicial inquiry.  It appears to the Plaintiff that his claims are not frivolous, but meritorious and deserve to be inquired by this Court.  The Plaintiff asserts that this Court has the authority to make valid inquiries to determine whether or not the Defendants acted in arbitrary manner that inflicted unnecessary and wanton pain and suffering without provocation and justification.  If his claims are true, the Plaintiff and this Court cannot truthfully say whether or not another prisoner(s) may suffer the same or sustain greater injuries or death when actions are committed from an unprofessional and personal manner, cause one has the "authority" to do so.  The Plaintiff respectfully request that this Court consider a space about 9x12 shared with three other people, and someone sprays chemical agents upon you and in the said space and shut the door.  Imagine eyes burning and unable to see.  The skin is burning in various places of contact with said agent.  Unable to breathe at first and struggling to overcome suffocation where the enclosed space permeates with the said agent.  The mucus draining from the nose rapidly in gross amounts.  And to endure the foresaid for approximately an hour.

    WHEREFORE, premises considered, Plaintiff prays that this Court shall not dismiss his claims strictly upon his absence from the Tallapoosa County Jail, and grant him the opportunity to either amend his claims or permit him to prosecute and prove by the preponderance of the evidence, and seek this Court to assist in establishing justice.

Done this the <u>18th</u> day of January, 2006.

                              Respectfully Submitted,

                              _Cory E. Edwards_____
                              Cory E. Edwards, pro se
                              A.I.S. No. 241279
                              Draper Correctional Center
                              P.O. Box 1107
                              Elmore, Al. 36025-1107

6.

## CERTIFICATE OF SERVICE

I hereby certify that I have forwarded this instant objection upon:

>Honorable Debra P. Hackett, Clerk
>United States District Court
>For the Middle District of Alabama
>P.O. Box 711
>Montgomery, Al. 36101-0711

by placing the same in the U.S. Mail, First Class, postage prepaid and correctly addressed on this _18_ day of January, 2006.

_____
Cory E. Edwards, pro se

STATE OF ALABAMA

COUNTY OF ELMORE

_____
Notary Public

MY COMMISSION EXPIRES JAN. 8, 2008

My Commission Exp:_____

7.