IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| CORY EFFENTIS EDWARDS, #241279, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 2:05-CV-1225-WHA |
| ) | [WO] |
| ) | |
| TALLAPOOSA COUNTY JAIL, et al., ) | |
| ) | |
| Defendants. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This is a 42 U.S.C. § 1983 action in which the plaintiff, Cory Effentis Edwards ["Edwards"], a state inmate, challenges actions taken against him during his confinement in the Tallapoosa County Jail.

Upon review of the complaint, the court concludes that summary dismissal of the plaintiff's claims against the Tallapoosa County Jail and his challenge to the lack of a written response to his inmate grievance is appropriate pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(I).[1]

---

[1] 1. A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process, regardless of the payment of a filing fee, if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

## DISCUSSION

### A. The Tallapoosa County Jail

Edwards names the Tallapoosa County Jail as a defendant in this cause of action. A county jail is not a legal entity subject to suit or liability under section 1983. *Cf. Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992). In light of the foregoing, the court concludes that the plaintiff's claims against the Tallapoosa County Jail are due to be dismissed. *Id.*

### B. The Grievance Claim

Edwards complains that the defendants failed to provide a written response to his grievance within the time required by applicable administrative rules. An essential element of a 42 U.S.C. § 1983 action is that the conduct complained of deprived the plaintiff of rights, privileges or immunities secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527 (1981). In the context of a county jail setting, "an inmate grievance procedure is not constitutionally required." *Spencer v. Moore*, 638 F. Supp. 315 (E.D. Mo. 1986) (citations omitted). "A prison grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates. Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the fourteenth amendment." *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993) (citing *Azeez v. DeRobertis*, 568 F.Supp. 8, 10 (N.D. Ill. 1982). Thus, the defendants' failure to comply

with the established procedures of the jail's grievance mechanism provides no basis for relief under § 1983. *See Brown v. Dodson*, 863 F.Supp. 284 (W.D. Va. 1994); *Azeez v. DeRobertis*, 568 F.Supp. 8, 10 (N.D. Ill. 1982). Additionally, although 42 U.S.C. §1997e(a) requires that an inmate exhaust his available administrative remedies prior to filing suit under § 1983, "[t]he failure [of officials] to adopt or adhere to an administrative grievance procedure shall not constitute the basis for filing an action under [the sections] of this title." 42 U.S.C.§ 1997e(b).

In light of the foregoing, the court concludes that the plaintiff's challenge to the response provided by the defendants to his inmate grievance is frivolous as it asserts "infringement of a legal interest which clearly does not exist." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).[2]  Such claim is therefore subject to dismissal prior to service in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(I).

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The plaintiff's claims against the Tallapoosa County Jail and his challenge to the lack of a timely response to his inmate grievance be dismissed with prejudice pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(I).

---

[2] 2. Although *Neitzke* interpreted the provisions of 28 U.S.C. § 1915(d), the predecessor to 28 U.S.C. § 1915(e)(2), the analysis contained therein remains applicable to the directives contained in the present statute.

2. The Tallapoosa County Jail be dismissed as a defendant in this cause of action.

3. This case, with respect to the plaintiff's excessive force claim against defendants Strong and Frazier, be referred back to the undersigned for appropriate proceedings.

It is further

ORDERED that on or before February 6, 2006 the parties may file objections to this Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, en banc)*, adopting as binding precedent all of the decisions of the former Fifth Circuit

handed down prior to the close of business on September 30, 1981.

Done this 25th day of January, 2006.

                    /s/Charles S. Coody
                  CHARLES S. COODY
                  CHIEF UNITED STATES MAGISTRATE JUDGE