IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| **CORY EFFENTIS EDWARDS,** | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Action No. 3:05-CV-1225-WHA-CSC ) |
| **JENNIFER STRONG, et al.** | ) ) |
| Defendants. | ) |

**DEFENDANTS' SUPPLEMENT TO THEIR SPECIAL REPORT IN RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO CONDUCT DISCOVERY**

COME NOW Tallapoosa County, Alabama, Sheriff Jimmy Abbett and Corrections Officer Jennifer Strong, Defendants[1] in the above-styled cause, and submit this Supplement to their Special Report in Response to the Plaintiff's Motion for Leave to Conduct Discovery and state as follows:

1. Defendants filed their Special Report on May 1, 2006. Attached to the Special Report were the unsigned Declarations of Jimmy Abbett and Jennifer Strong which Defendants indicated they would seek permission to supplement upon receipt of the signed Declarations. Defendants have attached the signed declarations of Jimmy Abbett and Jennifer Strong to this Supplement as Exhibits A and B, respectively. Plaintiff will not be prejudiced by the supplementation of the Defendants' Special Report with the signed Declarations of Jimmy Abbett and Jennifer Strong.

2. Defendants previously filed with their Special Report the Incident Report regarding the incident made the basis of the Plaintiff's Complaint and the State of Alabama

---

[1] The Plaintiff also named Robie Frazer as a Defendant in this case. However, Robie Frazer has not been served, and therefore is not a party to this case. (See Doc. 18.) Further, the Plaintiff's time limit for providing the Court with a correct address for Robie Frazer has expired. (See Doc. 25.)

Department of Corrections Jail Inspection Report for the Tallapoosa County Jail.  (Doc. # 36, Exhibit P and Exhibit 1 to Exhibit D, respectively).  The relevant Tallapoosa County Jail policies and procedures are set forth in the Declarations of Jimmy Abbett and Blake Jennings.  (Exhibit A, Declaration of Jimmy Abbett, "Abbett decl.," ¶¶ 7-16, 21-35; Doc. # 26, Exhibit N, Declaration of Blake Jennings, "Jennings decl.," ¶¶ 6-15, 20-34.)

      3.      Defendants are filing the Plaintiff's entire Inmate File contemporaneously with this Supplement as Exhibit C.  Internal grievance procedures at the Tallapoosa County Jail are available to all inmates and such policy is made known to the inmates upon their admission to the Jail via the Inmate Rules and Regulations Handbook.  (Ex. A, Abbett decl., ¶ 34; Doc. # 26, Ex. N, Jennings decl., ¶ 34; see also Exhibit B, Declaration of Jennifer Strong, "Strong decl.," ¶ 12.)  It is the policy of the Tallapoosa County Jail that inmates are permitted to submit grievances and that each grievance will be acted upon accordingly.  Inmates are given an inmate grievance form upon their request to complete and return to a jail staff member for any grievance they may have.  Completed grievance forms are entered into the Inmate Log, and an attempt should be made by the officer receiving the grievance to resolve the grievance.  Any officer receiving a grievance form is to pass the grievance on to the Lieutenant for review.  After the Lieutenant takes appropriate action, the Grievance Form is to be forwarded to the Jail Administrator.  The Jail Administrator makes the final decision on inmate grievances.  This decision may be appealed by the inmate in writing to the Chief Deputy within seventy-two hours of receipt of the grievance decision.  The inmate may appeal the Chief Deputy's decision in writing to the Sheriff within seventy-two hours of the receipt of the Chief Deputy's decision.  The decision of the Sheriff may be appealed by the inmate in writing to the County Attorney within seventy-two hours of the receipt of the Sheriff's decision.  A

copy of any grievance form which is filed by an inmate is to be placed in the inmate's Inmate File. (Ex. A, Abbett decl.," ¶ 34; Doc. # 26, Ex. N, Jennings decl. ¶ 34.)

There is no grievance filed regarding the incident or conditions made the basis of Plaintiff's Complaint. (Doc. # 26, Ex. N, Jennings decl. ¶ 35; Exhibit C, Inmate File.) Further, Jennifer Strong never received a grievance from the Plaintiff regarding the incident or conditions made the basis of this Complaint, and Sheriff Abbett never received a grievance appeal from the Plaintiff regarding the incidents and conditions made the basis of this Complaint. (Exhibit A, Abbett decl. ¶ 35; Ex. B Strong decl. ¶ 12.) In fact, Sheriff Abbett has never received any correspondence from the Plaintiff. (Exhibit A, Abbett decl. ¶ 36.) Accordingly, the Plaintiff has failed to exhaust his administrative remedies at the Tallapoosa County Jail. (Exhibit A, Abbett decl. ¶ 35.) Based on this evidence, the Plaintiff's Complaint is due to be dismissed pursuant to the Prison Litigation Reform Act for failure to exhaust his administrative remedies as set forth completely in Defendants' Special Report.

Respectfully submitted this 17th day of May, 2006.

                                            **s/Amanda Kay Morgan**
GARY L. WILLFORD, JR. Bar Number: WIL198
AMANDA KAY MORGAN Bar No. ALL079
Attorneys for Defendants
WEBB & ELEY, P.C.
7475 Halcyon Pointe Drive (36117)
Post Office Box 240909
Montgomery, Alabama 36124
Telephone: (334) 262-1850
Fax: (334) 262-1889
E-mail: amorgan@webbeley.com

3

**CERTIFICATE OF SERVICE**

    I hereby certify that on this the 17th day of May, 2006, I have electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, and that I have mailed a true and correct copy of the foregoing by United States Mail, postage prepaid, to the following non-CM/ECF participant:

        Cory Effentis Edwards
        AIS#241279
        Draper Correctional Facility
        P.O. Box 1107
        Elmore, AL 36025

                **s/Amanda Kay Morgan**
                OF COUNSEL