IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
[Eastern Division]

RECEIVED

2006 JUN -5 A 9: 41

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

Cory Effentis Edwards, #241279
Pro/Se Plaintiff

-Vs-

Case No. 2:05-CV-1225-WHA

Jennifer Strong, et.al.,
    Defendant(s)

### PLAINTIFFS RESPONSE TO DEFENDANTS ANSWER

Comes Now, Cory Effentis Edwards, Pro/Se, And from herein known as The Plaintiff, And submits his Response to the Defendants 'Special Report' and Answer, And in response thereto, The Plaintiff avers the following:

1.) This Civil Action revolves around the unconstitutional and unsanitary conditions of the Tallapoosa County Jail, And the cruel and unusual punishment inflicted by the employees thereof.

2.) This Plaintiff contends that it appears, That Defendant Sheriff, Jimmy Abbet, Is Claiming Eleventh Amendment Immunity, And that he is not liable under 'respondeat superior', Plaintiff disagrees and avers the following in regards to Defendant Sheriff Jimmy Abbett.
"A plaintiff may bring a claim under §1983 against a municipal defendant for deprivation of a federal right pursuant to an official policy, practice, or custom."**Villanueva v. City of Ft.Pierce, Fla.**, 24 F.Supp.2d.1364(S.D.Fla.1998); Also See; **Duffey v.Bryant,** 950 950 F.Supp.1168(M.D.Ga.1997)

[-1-]

3.) This Plaintiff contends, That the defendant Sheriff Jimmy Abbett, Is responsible for "Promulgating the policies governing the Tallapoosa County Jail", [See page #3, Spec. Report], And "Local governments may be held liable under §1983 only where the allegedly unconstitutional act implements a policy of the local government Body.", And;

"A county, can be held liable on a failure to train or failure-to-supervise theory only if those in supervisory positions fail to supervise subordinates in such a manner as to demonstrate 'Deliberate Indifference' to the constitutional rights of the citizens.' **Thomas v. City of Clanton**, 285 F.Supp.2d.1275(M.D.Ala.2003) This plaintiff contends that defendant Jimmy Abbett, Has implemented the practice, Policy, Procedures, To allow his subordinates to utilize "Chemical Spray", And said subordinates are recklessly and unreasonably using said chemical agents on the inmates in the Tallapoosa County Jail. In the instant case, Defendant Jennifer Strong, Sprayed an entire cell, Due to one inmate making derogatory statements against her, [See page #4, Orig. Complaint], Defendant Jennifer Strong, Who works directly under the Supervision of Defendant Sheriff Jimmy Abbett, And his other subordinates, Have accessorized the Tallapoosa county Jailers, With Chemical Agents which they use for minor instances, Such as excessive noise, And in the use of the Chemical Agent, The Jailers, Such as the defendant Jennifer Strong, The defendant did not isolate the individual causing the disturbance prior to using the Chemical Agent, Thereby punishing the entire jail cell with the Chemical agent.
" A Plaintiff can show that a [County] was deliberately Indifferent to the need for increased supervision by demonstrating;
1.) A pattern of constitutional violations such that the [County] knows or should know that corrective measures are needed., **or,**
2.) That the violation of federal rights was a highly predictable consequence of a failure to equip law enforcement officers with specific tools to handle recurring situations." **City of Canton v. Harris,** 489 U.S.378,109 S.Ct.1197(1989).

4.) This plaintiff maintains that the Sheriff of Tallapoosa County, Or, His Subordinates, Never should have allowed the "Chemical agents" to be issued to Jailers, This falls squarely on the Sheriff,

[-2-]

For his failure to properly instruct his subordinates,To only use the 'Chemical Agent' in a violent incident,Furthermore,As alleged in the Original Complaint,Defendant Jennifer Strong, Only used the Chemical agent after an Inmate,Not associated with this Plaintiff,Used derogatory language towards her,And for her to spray everyone in the cell,Is a clear abuse of the chemical agent,And violates the Eighth Amendment to the United States Constitution.

"The statndard for the imposition of liability upon a superviser defendant who was not present when the constitutional violation occurred is "Extremely Rigorous",**Braddy v.Fla.Dept.of Lab.&Emp.Sec.,** 133 F.3d.797(11th Cir.1998).

"The necessary "Causal Connection" can be established when the history of widespread abuse puts the responsible superviser on notice of the need to correct the alleged deprivation,And he fails to do so,Or,When the supervisers Improper custom or policy resulted in Deliberate indifference,To constitutional Rights."**Gonzales v.Reno,**325 F.3d.1228(11th Cir.2003)

The Defendant Sheriff,Jimmy Abbett,Is held responsible for his subordinate's actions in their reckless and unreasonable use of the Chemical Agent,Which By,Policy,He has armed them with.

5.) As for the Defendants allegation,That this Plaintiff has failed to comply with the P.L.R.A.,Because he did not file any Grievances while in the Tallapoosa County Jail,This Plaintiff attempted to on several occasions to obtain a Grievance Form, However,An inmate in the Tallapoosa County Jail can only recieve a Grievance Form from the Jailers whom he wishes to file the Grievance on,So,It is imaginable to believe,That it is almost impossible to obtain a grievance form while in the custody of the Tallapoosa County Jail.
And,In the Chance that an Inmate does obtain a Grievance Form, The only way the Jail Administraters would review said Grievance form,Is if the Jailers actually delivered them to the Administrat- ers,And once again,A jailer in the Tallapoosa County Jail,Will not do anything to jeopardize their position.This Plaintiff

contends,That he took every measure possible to obtain a grievance form at the Tallapoosa County Jail,To no avail,This Plaintiff could not file a grievance,If he was unable to obtain one.

6.) This Plaintiff contends that the Defendants deny the use of excessive force,**[Page # 14,Special report]**,This Plaintiff argues that,"Factors that are to be considered in determining whether wanton and unnecessary force was used are:'The need for the application of force,The relationship between the need and the amount of force that was used,The threat ""reasonably percieved by the responsible officials"" ,and,""any efforts made to temper the severity of a forceful response""",**Hudson v.McMilliain,**503 U.S.1,112 S.ct.995(1992)
"The objective component of an Eighth Amendment claim requires that the harm inflicted offend "Contemporary Standards of decency", **Hudson, at 8-9,112 S.Ct.at 1000.**
"When prison officials maliciously and sadistically use force to cause harm,Contemporary standards of decency always are violated, See;**Whitley v.Albers,**475 U.S. 312,106 S.Ct.1078(1986),This is true whether or not significant injury is evident."**Hudson,supra,**503 U.S. at 9.

This plaintiff contends that the use of the chemical spray,Was in retaliation of an Inmates derogatory remarks towards defendant Strong,And nothing more.
Had this been a situation where force was "Legally" justified,A "Incident Report" would be contained in the record before this court,However the record is wholly void of any record indicating this incident was justified,Defendant Strong did not call for assistance from other jailers,Or request that she be allowed to use the Chemical spray,Defendant Strong,Let her emotions control her actions,And in so doing,Violated the Rights of this Plaintiff.Also,The use of Chemical Spray was unjustified,As admitted by Defendant Strong,The "Inmates" were locked in a Cell,Therefore,Their is no "Safety" issue on the part of Defendant Strong,Or,The Jail.Defendant Strong,Used the Chemical Spray in an act of vengence,And nothing more.
"It is only a 'Violation of the Eighth Amendment for Prison Officials

[-4-]

to use Mace or other **Chemical Agents** in quantities greater than necessary,<u>or,for the sole purpose of punishment or the infliction of pain.</u>' " Soto v.Dickey,744 F.2d.1260,1271(7th Cir.1984)

This Plaintiff contends that Defendant Strongs actions were not justified,And her spraying of the Chemical Agent was "for the sole purpose of Punishment or the Infliction of Pain",And this court can not condone such actions.
Both the Supreme Court and the Eleventh Circuit have repeatedly held,"Officials Maliously and sadistically use of force to cause harm,Contemporary standards of deciency always are violated." **Hudson v.McMillian**,503 U.S.1,112 S.Ct.995,1000(1992)

7.) The Plaintiff argues that the Defendants assertions that the Tallapoosa county Jail Conditions do not violate the Constitution are incorrect,[Page # 17,Special Report],This Plaintiff argues that the conditions of the Tallapoosa county jail,Are intolerable.The filth and lack of ventilation create a breeding ground for Mold and Mildew.The defendants claim that the jail passes inspections,However,Once again,The record before this court is wholly void of any documentation concerning the inspections conducted at the Tallapoosa County Jail,This plaintiff was attempting to obtain the Inspection results thru Discovery, This Plaintiff was attampting to obtain several documents that would have been relevant to this action,This court denied the Plaintiffs May 15th 2006 'Motion for Leave to conduct Discovery', Stating in its order,"...and as the plaintiff has failed to identify any documents relevant to disposition of the issues pending before this court,it is ORDERED that this motion be and is hereby denied.",As for the Motion for leave to conduct discovery,The Plaintiff specifically put the court on notice that he would be seeking,'Incident Reports';Inspection Reports', etc.,The Plaintiff contends that had the court allowed discovery, The Defendants would have been put in a position to disclose the truth,And not mere conjecture's,and conclusions.

8.) This Plaintiff argues that the case of:**Hutto v.Finney**,437 U.S.678,98 S.Ct.2565(1978),Is on point on whether the Tallapoosa County Jail is unconstitutional or not,In **Hutto**,The court held

[-5-]

that it depends on the length of time that an inmate must remain in the conditions,That determines whether or not said conditions pass constitutional muster.
This Plaintiff maintains that during the time frame that he was in custody at the Tallapoosa County Jail,The Humid,Acrid, Stale air that was in the Cell,Caused mold and mildew to develop, The Stench caused by the Mold and Mildew,Was unbearable.
When breathing in the cell,One could taste the Mold and Mildew, Contrary to any documentation,Or,Unsworn pleadings the defendants have,or,may produce,The living conditions in the jail cells themselves,Are unconstitutional.

9.) This Plaintiff argues that the Defendants,Contrary to their assertions,Have violated clearly established law,**[Page # 20,Spec. Report]**,This response,Is based on the controlling laws,From the Supreme Court of the United States,And this circuit,as well as other circuits,The constitution of the United States,As well has been established,And the defendants,If this Plaintiff is not mistaken,Took an oath to uphold the constitution.
In **Marsh v.Butler Co.,Ala.**,268 F.3d.1014(11th Cir.2001),The Eleventh Circuit reversed the District Courts granting of the defendants motion to dismiss,In part,As to claims brought against the sheriff in her individual capacity for deliberate indifference to <u>**Jail Conditions**</u>,Concluding that the "Plaintiffs adequately allege facts which (If True) show that,At the time of the incident the Sheriff's act's were not even arguably reasonable in light of the clearly established law."
Cited In:**Carroll v.Conecuh Co.**,2005 U.S. Dist.LEXIS 34043(April 15th 2005)
Therefore,Due to the Sheriff's actions or inactions,He is responsible,Under clearly established case law.

## <u>CONCLUSION</u>

Wherefore,Premises considered,The defendants Special Reort and Motion for Summary Judgment should be denied,And this cause should be set for a hearing,And other proceedings consistent with The Federal Rules of Civil Procedure.
This Plaintiff further prays for any/all further relief that

this court deems just and proper in the instant case,This Plaintiff further invites this court,To grant any additional relief that it deems proper.

Respectfully Submitted, *Cory E Edwards*
Cory Effentis Edwards
Pro/Se Plaintiff

### CERTIFICATE OF SERVICE

This is to certify,That I have served a true and correct copy of the foregoing pleading on:

Amanda Kay Morgan
Attorney's for the Defendants
Webb & Eley,P.C.
7475 Halcyon Pointe Drive
Post Office Box 240909
Montgomery,Al.36124

By placing said pleading in the U.S. Mail,Postage pre-paid,And properly Addressed,On this the 1st day of June,2006.

*Cory E Edwards*
Cory E.Edwards,Pro/Se
A.I.S.# 241279
Elmore Corr.Facility
Post Office Box 8
Elmore,Al.36025

c.c.-personal file

[-7-]