**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**EASTERN DIVISION**

| | |
|---|---|
| **CORY EFFENTIS EDWARDS,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) **Civil Action No. 3:05-CV-1225-WHA-CSC** |
| | ) |
| **JENNIFER STRONG, et al.** | ) |
| | ) |
| **Defendants.** | ) |

**DEFENDANTS' REPLY TO THE PLAINTIFF'S RESPONSE TO THE**
**DEFENDANTS' SPECIAL REPORT**

COME NOW Tallapoosa County, Alabama, Sheriff Jimmy Abbett and Corrections Officer Jennifer Strong, Defendants in the above-styled cause, and submit their Reply to the Plaintiff's Response to their Special Report and state as follows:

As pointed out in the Defendants' Special Report, the Plaintiff's claims are moot as the sole request in his Complaint is injunctive relief, and the Plaintiff is no longer housed at the Tallapoosa County Jail. Similarly, the Plaintiff lacks standing to pursue his claims. The Plaintiff has cited no legal authority to the contrary. Additionally, the Plaintiff has failed to dispute that he sustained no injury that was greater than de minimus as a result of any of his allegations. The absence of injury acts as a bar to relief pursuant to the Prison Litigation Reform Act. Further, the absence of more than a *de minimus injury* bars the Plaintiff's claims even without the application of the Prison Litigation Reform Act. See <u>Boxer X v. Harris</u>, 437 F.3d 1107, 1111 (11th Cir. 2006) ("[U]nder our circuit precedent about the nature of actionable injuries under the Eighth Amendment, an injury can be 'objectively, sufficiently serious' only if there is more than *de minimis* injury." The Plaintiff also made no arguments in response to the Defendants' evidence and arguments that neither the subjective nor objective components of the deliberate indifference

test was met as to the Plaintiff's food, pest, fire safety, classification, and bond claims.  Finally, the Plaintiff offers no argument in response to the Defendants' showing that they were not deliberately indifferent to *any* of the alleged conditions of confinement.   The Plaintiff focuses on the alleged fact that unconstitutional conditions existed without offering any evidence that the Defendants were aware or deliberately indifferent to the alleged conditions.   See LaMarca v. Turner, 995 F.2d 1526, 1535 (11th Cir. 1993) ("[A] plaintiff must prove that the official possessed knowledge both of the infirm condition and of the means to cure that condition, 'so that a conscious, culpable refusal to prevent the harm can be inferred from the defendant's failure to prevent it.'").  Finally, the Plaintiff has failed to meet his burden in overcoming the qualified immunity defense in that he has failed to proffer any clearly established law that would have given the Defendants fair warning that their conduct was unlawful.   Because the Plaintiff has failed to dispute the evidence and legal authority presented by the Defendants as to these issues, the Plaintiff's claims are due to be dismissed.

The Plaintiff has failed to overcome the evidence and arguments presented by the Defendants even as to the issues he attempted to address in his response.   As to the excessive force claim, the Plaintiff has failed to offer more than mere conclusory allegations upon which to base a claim against Sheriff Jimmy Abbett.   The Plaintiff does not allege that Sheriff Abbett personally participated in the alleged violation.   Instead, the Plaintiff asserts unsupported allegations that Sheriff Abbett was somehow responsible for the alleged violation due to his policies and/or lack of training.   However, the Defendants submitted undisputable evidence along with their Special Report showing that Sheriff Abbett promulgated sound policies for the use of force and specifically for the use of pepper spray and that Sheriff Abbett is not aware of nor has he authorized or allowed any deviation from said policies and procedures.   Plaintiff's

bare allegations without supporting evidence are insufficient to defeat the Defendants' undisputed evidence. See Marsh v. Butler County, 268 F.3d 1014, 1036 n.16 (11th Cir. 2001) quoting Mass. School of Law v. American Bar, 142 F.3d 26, 40 (1st Cir. 1998) (en banc) ("A reviewing court need not 'swallow plaintiff's invective hook, line and sinker; bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like need not be credited.'"). Because the undisputed evidence before this Court shows that Sheriff Abbett did nothing to cause any alleged violation of the Plaintiff's constitutional rights, Sheriff Abbett is entitled to a dismissal of all claims brought against him.

As to Jennifer Strong, the Plaintiff does not dispute that he and other inmates in his cell were creating a disturbance by being rowdy and noisy in their cell. He does not dispute that he and the other inmates were given repeated orders from Sergeant Robie Frazer and other officers to cease their rowdy and noisy behavior but refused these orders and continued to create a disturbance. Further, the Plaintiff does not dispute that, even after the inmates were moved to C-9, the disciplinary cell, they continued to exhibit the same behavior. Because the inmates had repeatedly refused direct orders from the officers and continued to create a disturbance, the overall discipline and order of the jail was threatened, and Strong administered a single burst of O.C. spray. The Plaintiff does not dispute that only a single burst was used, nor does he dispute that no further force was used once the disturbance was quelled. As pointed out in the Defendants' Special Report, the Courts have approved the use of O.C. spray in similar instances. Further, although Eleventh Circuit law on the use of O.C. spray in the jail context is scarce, the Eleventh Circuit has stated that, in the Fourth Amendment context, pepper spray is a reasonable alternative where the plaintiff was "refusing police requests, such as requests to enter a patrol car or go to the hospital." Vinyard, 311 F.3d at 1348. The Court went on to state that "'as a means

of imposing force, pepper spray is generally of limited intrusiveness,' and it is 'designed to disable a suspect without causing permanent physical injury.'" <u>Id.</u>  The Eleventh Circuit has recognized that pepper spray is "a very reasonable alternative to escalating a physical struggle." <u>Id.</u>

"[T]he Eighth Amendment standard necessarily involves a more culpable and subjective mental state than that required for excessive force claims arising under the Fourth Amendment's unreasonable seizures restriction." <u>Vinyard</u>, 311 F.3d at 1349.[1]  Accordingly, because the force allegedly used in the instant case would be acceptable under the more stringent Fourth Amendment analysis, it follows that said force is clearly within the boundaries of the more lenient standard applicable in this case.  In the instant case, the Plaintiff does not dispute that he and the other inmates had repeatedly refused orders to cease their nosy and rowdy behavior because it was time for sleeping.  Because even under the stricter Fourth Amendment standard, the use of force where the plaintiff refused a direct order has been held to be constitutional, the Plaintiff's excessive force claim is due to be dismissed because of the absence of a constitutional violation.

Further, *de minimus* uses of force cannot support a claim for a constitutional violation "provided that the use of force is not of a sort repugnant to the consciences of mankind." <u>Hudson v. McMillian</u>, 503 U.S. 1, 9-10 (1993) (internal quotation marks omitted).  It is obvious that the force used in the instant case – one burst of O.C. spray – was a *de minimus* use of force and not repugnant to the consciences of mankind.  <u>See</u> <u>Miller v. Corrections Corp. of America</u>, 2005 WL 1773903, *2 (W.D. Ky. 2005) ("[T]he use of pepper spray to silence obstreperous inmates, even inmates locked down and segregated from the rioting inmates, qualifies as a *de*

---

[1] Excessive Force claims under the Eighth and Fourteenth Amendments are analyzed the same.  <u>See</u> <u>Bozeman v. Orum</u>, 422 F.3d 1265, 1271 (11th Cir. 2005).

*minimis* use of force."). Accordingly, the Plaintiff cannot make out a claim for a constitutional violation.

As to the conditions of confinement claim, as set forth above, the Plaintiff did not present any evidence or arguments with regard to the subjective requirement. Instead, the Plaintiff focused on the objective component – whether an unconstitutional condition existed. However, the Plaintiff only addressed the allegation regarding mold and mildew, and the Plaintiff's evidence and arguments with regard to this alleged condition fails to meet the objective component of a conditions of confinement claim.

The Defendants have presented undisputed evidence that the Tallapoosa County Jail was subject to an inspection by the State of Alabama Department of Corrections on March 7, 2006, and received a Public Health Inspection score of 100 for the Detention area and 97 for the Kitchen area. The inspector noted that all areas of the Jail were clean and that the staff was to be commended. Further, the undisputed evidence shows that the Jail Administrator makes certain that the jail is checked on a daily basis for sanitation. The Tallapoosa County Jail is inspected by the State of Alabama Department of Corrections as well as the Tallapoosa County Health Department. Interim inspections are carried out by the jail staff at the direction of the Jail Administrator. The Jail Administrator has the jail cleaned on a daily basis using approved sanitary supplies. Inmates are allowed to request cleaning materials to clean their living quarters at any time of day. Therefore, even if there were mold and mildew present, the Plaintiff had the opportunity to clean the affected areas himself.

Finally, even assuming the presence of mold and mildew, such a condition does not rise to the level of an objectively "*extreme* deprivation . . . [which is] required to make out a conditions-of-confinement claim" under the Eighth Amendment. Chandler v. Crosby, 379

F.3d 1278, 1298 (11th Cir. 2004) (emphasis in original); see also Farmer v. Brennan, 511 U.S. 825, 834 (1994). "[A] constitutional violation occurs only where the deprivation alleged is, objectively, 'sufficiently serious.'" In Shrader v. White, the plaintiff complained of mold and mildew, and the defendants conceded that there was a problem with mold. 761 F.2d 975, 984 (4th Cir. 1985). However, there was evidence presented that there were daily attempts to clean the showers, and there was no evidence of disease resulting from the mold. Id. Accordingly, the Court found that the conditions of the showers did not constitute cruel and unusual punishment. Id.; see also Futrell v. Hardy, 914 F.2d 248, *2 (4th Cir. 1990) (holding that moss, mold, and mildew build-up did not state a constitutional claim, especially since cleaning materials were provided, "[t]here was no evidence of injury or health hazards, and daily attempts were made to clean the area.")

The Plaintiff's claim also fails because he failed to exhaust his administrative remedies by filing a grievance or by utilizing the available appeals process. The Plaintiff does not dispute that he failed to file a grievance as required to exhaust his administrative remedies pursuant to the Prison Litigation Reform Act. The Plaintiff's allegations that he was denied a grievance form does not excuse the mandatory exhaustion requirement. See Jones v. Smith, 266 F.3d 399 (6th Cir. 2001). In Jones, the plaintiff admitted that no grievance had been filed but claimed that his counselor did not give him a grievance form. Id. at 400. The Court held that because the plaintiff did not allege that he made any other attempt to obtain a form or to file a grievance without a form, dismissal of the case was proper. Id.; see also Anderson v. Meeks, 79 Fed. Appx. 113, 114 (6th Cir. 2003) ("[I]t is insufficient to allege that grievance forms were denied in order to excuse the exhaustion of administrative remedies; a prisoner must attempt to file a grievance without a form."); Martin v. Johnson, 72 Fed. Appx. 256, 257-58 (6th Cir. 2003)

(stating that the plaintiff's allegation that he had requested a grievance form but did not receive a form is insufficient to establish exhaustion).

Lastly, the Plaintiff's argument that the Defendants have not produced incident or inspection reports is completely unfounded. Defendants previously filed with their Special Report the Incident Report regarding the incident made the basis of the Plaintiff's Complaint and the State of Alabama Department of Corrections Jail Inspection Report for the Tallapoosa County Jail. (Doc. # 36, Exhibit P and Exhibit 1 to Exhibit D, respectively).

Respectfully submitted this 28th day of June, 2006.

**s/Amanda Kay Morgan**
GARY L. WILLFORD, JR. Bar Number:  WIL198
AMANDA KAY MORGAN Bar No.  ALL079
Attorneys for Defendants
WEBB & ELEY, P.C.
7475 Halcyon Pointe Drive (36117)
Post Office Box 240909
Montgomery, Alabama  36124
Telephone:  (334) 262-1850
Fax:  (334) 262-1889
E-mail:  amorgan@webbeley.com

## CERTIFICATE OF SERVICE

I hereby certify that on this the 28th day of June, 2006, I have electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, and that I have mailed a true and correct copy of the foregoing by United States Mail, postage prepaid, to the following non-CM/ECF participant:

Cory Effentis Edwards
AIS#241279
Draper Correctional Facility
P.O. Box 1107
Elmore, AL 36025

**s/Amanda Kay Morgan**
OF COUNSEL