IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| CORY EFFENTIS EDWARDS, #241279, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | CIVIL ACTION NO.  3:05cv1225-WHA |
| ) | (WO) |
| TALLAPOOSA COUNTY JAIL, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

In this 42 U.S.C. § 1983 action, plaintiff Cory Effentis Edwards, a state inmate, complains that his constitutional rights were violated during his confinement in the Tallapoosa County Jail.  Edwards seeks only declaratory and injunctive relief.[1]  The pleadings in this case clearly demonstrate that Edwards is no longer incarcerated in the Tallapoosa County Jail.[2]

Upon consideration of the pleadings filed in this case, the court concludes that this case is due to be dismissed as the claims raised therein are now moot because the plaintiff had been transferred to another facility.

**DISCUSSION**

Edward complains that, while incarcerated in the Tallapoosa County Jail, the

---

[1] In his prayer for relief, Edwards "just want[s] the jail to go by the rules and regulation (sic) that is required by the State.  Please see about the mold and fungus on walls and floors."  (Pl's Compl. at 4).

[2] It is undisputed that the plaintiff is no longer at the Tallapoosa County Jail.  *See* Doc. # 13 & 38.

defendants refused to promptly respond to a grievance. He also asserts that, in response to a verbal attack by another inmate, defendant Strong sprayed him with a chemical substances. He seeks to require the defendants to provide a healthy environment for incarcerated individuals as well as to abide by rules and regulations promulgated by the state. The undisputed evidence before the court demonstrates that the plaintiff is no longer incarcerated at the Tallapoosa County Jail. Thus, his declaratory and injunctive relief claims are now moot. *County of Los Angeles v. Davis*, 440 U.S. 625 (1979). There is nothing before the court to suggest that there is any reasonable likelihood of a recurrence of the alleged violation. Thus, the plaintiff's claims for injunctive relief are moot and should be dismissed.[3]

## CONCLUSION

Accordingly, for the reasons as stated, it is the RECOMMENDATION of the Magistrate Judge that this case be DISMISSED as MOOT. It is further

ORDERED that the parties shall file any objections to the said Recommendation on or before **August 17, 2006.** Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a de novo determination by the District

---

[3] The plaintiff makes no claim for damages.

2

Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

    Done this 4th day of August, 2006.

                                           /s/Charles S. Coody
                                          CHARLES S. COODY
                                          CHIEF UNITED STATES MAGISTRATE JUDGE